IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02568-BNB

NORVELL WEBSTER CRUMP, Remedy Id 777177-A1,

     Plaintiff,

v.

CENTRAL OFFICE OF GENERAL COUNSEL, and
BUREAU OF PRISONS,

     Defendants.

---

ORDER OF DISMISSAL

---

     Plaintiff, Norvell Webster Crump, is an inmate at United States Penitentiary,
Florence ADMAX, in Florence, Colorado.  Mr. Crump initiated this action by filing *pro se*
a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. §
1915(b)(2) (ECF No. 1) and numerous attached documents.  The instant action was
commenced and, on September 17, 2014, Magistrate Judge Boyd N. Boland entered an
order directing Mr. Crump to cure certain deficiencies if he wished to pursue any claims
in this action.  Specifically, Magistrate Judge Boland directed Mr. Crump to file on the
court-approved form a Prisoner Complaint and either to pay the $400.00 filing fee or to
file on the court-approved form a Prisoner's Complaint and Prisoner's Motion and
Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 along with a certified copy
of his trust fund account statement and the authorization to calculate and disburse funds
from the account.  Mr. Crump was warned that the action would be dismissed without

further notice if he failed to cure the deficiencies within thirty days.

On October 16, 2014, Mr. Crump filed a document titled "Motion to Cure Deficiency" (ECF No. 4) in which he informed the Court that "all misdemeanor files" in his West Virginia criminal case have been destroyed.  This document does not comply with the September 17 Order.  Thus, Mr. Crump has failed to cure the deficiencies in this action because he has failed to file on the proper form a Prisoner Complaint that identifies the claims he intends to pursue in this action and he has failed either to pay the $400.00 filing fee or to file on the court-approved form a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 with a certified copy of his trust fund account statement and authorization to calculate and disburse funds from the account.  Therefore, the action will be dismissed without prejudice for failure to cure the deficiencies.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Crump files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Mr. Crump failed to cure all of the deficiencies as directed.  It is

2

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

denied without prejudice to the filing of a motion seeking leave to proceed *in forma*

*pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this __23rd__ day of __October_____, 2014.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

3